PERFECT LAUNDRY COMPANY, complainant-appellant,

*v.*

EDWARD MARSH et al., defendants-respondents.

[Argued February 9th, 1937.   Decided April 30th, 1937.]

*Messrs. Gilhooly & Yauch (Mr. Ralph E. Lum,* of counsel), for the appellant.

*Messrs. Isserman & Isserman,* for the respondents.

The opinion of the court was delivered by

Parker, J.

The facts, as found by the vice-chancellor, are sufficiently stated in his opinion, *ubi supra,* and we concur in those findings. We are unable, however, to concur in his view that the written agreement of employment is not applicable to the factual situation. It is lengthy, as he states; but the provisions relevant and material to this controversy may be shortly stated. Each employe "signed up" for a year, with the right to either party to terminate the employment within the first six weeks without notice and thereafter on one week's written notice, or in the case of the employer, discharge without notice but with one week's pay. The contract was self-renewing from year to year. It calls for loyal and exclusive service during the period of employment, and the employe stipulates that for a year thereafter he will not deal with any one who was a customer during the employment. Then follows the clause quoted by the vice-chancellor, and a further clause forbidding disclosure of the company's affairs. In paragraph 5 there is an agreement in restraint of trade.

The bill was for an injunction against picketing with placards requesting the reader not to trade with the company because the men were on strike. There was an order to show cause with preliminary restraint, and on the return of the order the restraint was dissolved, with costs and counsel fee. The appeal is from the order discharging the order to show cause.

We think the court below placed too narrow an interpretation on the contract. The maxim, "the words of deeds are to be taken most strongly against him who uses them" relates to ambiguities, as pointed out by the vice-chancellor. But where there is no ambiguity, a contrary maxim applies: "When in the words there is no ambiguity, then no exposition contrary to the expressed words is to be made." *Co. Litt. 147; Whart. Max. 181.* We see no ambiguity in a clause which provides that the employe shall not, for a year after termination of his employment *in any way* (italics ours) * * * attempt to divert or take away customers, &c. If this does not cover

the case of a striking employe who has broken his contract by quitting without notice, attempting to induce regular customers to cease their patronage, then language has no meaning.

The order under review is reversed, with directions to reinstate the restraint pending final hearing.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.